■ JOHN N. CHEGE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [756 NYS2d 162] —Judgment, Supreme Court, New York County (Robert Lunn, J., and a jury), entered October 29, 2001, in an action for personal injuries sustained when an escalator on defendant Transit Authority's property suddenly stopped, awarding plaintiff damages of $325,000, plus interest, costs and disbursements, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 15, 2002, which denied defendant's motion to set aside the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

A prima facie case of negligence was made out by plaintiff's testimony that he was thrown down when the escalator suddenly stopped, and that twice within the week prior to the accident he told defendant's token booth clerk that the same escalator had "jerked." We reject defendant's argument that the absence of expert testimony connecting the jerks that

plaintiff had previously experienced to the sudden stop renders plaintiff's claim of negligent maintenance speculative (see Rogers v Dorchester Assoc., 32 NY2d 553, 559), and that a more likely cause of the sudden stop was the pushing of the easily accessible emergency stop button by some unidentified member of the public. The latter possibility was rendered unlikely by testimony that while defendant keeps a record of emergency stops in its regular course of business, it has no record of such at or about the time of plaintiff's accident. Under the circumstances, whether the escalator could have stopped, absent negligence by defendant in its inspection and maintenance, was properly submitted to the jury (see id. at 561). The $100,000 and $225,000 awarded plaintiff for past and future pain and suffering, respectively, does not deviate materially from what is reasonable compensation for an injury that caused a loss of consciousness and pain in and about the shoulder that will be permanent. Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.